IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| GARDEN CITY BOXING CLUB, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  CIV-07-1276-D |
| | ) | |
| JOSE R. FONSECA, individually and as officer, director, shareholder, agent and/or principal of El Rinconcito Bar, *et al.*, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| J & J SPORTS PRODUCTIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  CIV-08-362-D |
| | ) | |
| JOSE R. FONSECA, individually and as officer, director, shareholder, agent and/or principal of El Rinconcito Bar, *et al.*, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

# **O R D E R**

This matter comes before the Court on the Motion for Consolidation filed by Plaintiff J & J Sports Productions, Inc. in Case No. CIV-08-362-D [Doc. No. 13].  Plaintiff seeks consolidation pursuant to Fed. R. Civ. P. 42(a) with an earlier-filed action, Case No. CIV-07-1276-D, because the cases involve the same parties (although the names of the plaintiffs differ due to a corporate name change) and share common legal and factual issues.  A review of the Amended Complaint filed in each case demonstrates that the only differences between the two actions (other than Plaintiff's name) are the dates and subjects of Defendants' alleged unauthorized exhibition of television broadcasts for which Plaintiff allegedly held exclusive distribution rights.  Because no current defendant has been served with process in either case, the motion does not reflect service on any

defendant.[1]

Rule 42(a)(2) vests in the district court discretionary authority to consolidate actions that involve common questions of law and fact. *Gillette Motor Transp. v. Northern Okla. Butane Co.*, 179 F.2d 711, 712 (10th Cir. 1950). In view of the nearly identical pleadings filed in these cases, the Court finds that the above-numbered cases should proceed as a single consolidated action at this time. Should it later appear, due to circumstances presently unknown to the Court, that consolidation is not appropriate, then the Court will revisit this issue upon a timely motion filed by any party.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Consolidation is GRANTED. The Court orders the consolidation of these two actions, which shall proceed as a single case under the lower number, Case No. CIV-07-1276-D. The higher number, Case No. CIV-08-362-D, shall be administratively closed without prejudice to Defendants' right to assert any defense or raise any issue in the consolidated action. All future filings shall occur only in Case No. CIV-07-1276-D unless ordered otherwise.

IT IS FURTHER ORDERED that Plaintiff shall file an amended complaint that combines all allegations asserted in the consolidated action within ten (10) days after the date of this Order. The style of the pleading shall identify the plaintiff by both its current and former names.

IT IS SO ORDERED this 16th day of June, 2008.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff has dismissed the only defendants who had appeared in either action, Defendants Jerry Moon and Paulette Davie.