IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC. ) <br> (formerly GARDEN CITY BOXING CLUB, ) <br>  INC.), ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JOSE R. FONSECA, individually and as ) <br> officer, director, shareholder, agent and/or ) <br> principal of El Rinconcito Bar, *et al.*, ) <br> ) <br> Defendants. ) | Case No. CIV-07-1276-D |

**O R D E R**

This matter comes before the Court upon Plaintiff's Response to Show Cause Order [Doc. No. 24], filed October 24, 2008. Plaintiff was directed to show cause why this action should not be dismissed as to Defendants Janet Carr, Catarinia Rodriguez, and "El Rinconcito Bar, an unknown business entity" pursuant to Fed. R. Civ. P. 4(m), due to lack of timely service of process.[1]

Plaintiff's response consists of a report regarding past efforts to serve various defendants in this case. As to the defendants in question, Plaintiff states only that mail delivery on Defendants Carr and Rodriguez was attempted, that a private process server was hired August 25, 2008, that Plaintiff lost contact with the first process server and recently hired a second one, and that Plaintiff has been unable to determine whether El Rinconcito Bar is a legal entity but remains hopeful Defendants Carr and Rodriguez will be able to provide additional information when they are located.

From this response, the Court finds that Plaintiff has failed to show good cause for lack of timely service. Although the court of appeals has not conclusively defined "good cause" for

---

[1] The original named defendants, Jose R. Fonseca, Jerry C. Moon and Paulette Davie, have previously been dismissed. *See* Order of Dismissal [Doc. No. 22].

purposes of Rule 4, the court has determined that "excuses such as inadvertence and reliance on a process server who fails to perform" are insufficient. *See Cox v. Sandia Corp.*, 941 F.2d 1124, 1125 (10th Cir. 1991). The court has noted "that it is trial counsel's responsibility to monitor the activity of the process server and to take reasonable steps to assure that a defendant is timely served." *Putnam v. Morris*, 833 F.2d 903, 905 (10th Cir. 1987). In this case, it is clear that Plaintiff's attorneys did not take such steps because they failed even to realize that the process server on whom they were relying had gone out of business.

The question thus becomes whether the Court should exercise its discretion to allow Plaintiff additional time for service or whether the action should be dismissed without prejudice. Under Rule 4(m), a district court has discretion "to extend the time for service even when the plaintiff has not shown good cause." *Espinoza v. United States*, 52 F.3d 838, 840-41 (10th Cir. 1995). One factor that may counsel against a dismissal is a showing that a statute of limitations would bar a refiled action or claim. *See, e.g., Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1439 (10th Cir. 1994). Plaintiff does not address this factor or otherwise present any good reason why the Court should grant its request for an additional 60 days to serve Defendants Carr, Rodriguez, and El Rinconcito Bar. Nevertheless, because this is Plaintiff's first request for an extension of time as to Defendants Carr and Rodriguez, who were added to the case by the Amended Complaint filed June 10, 2008, the Court will give Plaintiff one last opportunity to effect service of process.

IT IS THEREFORE ORDERED that the Court grants Plaintiff an additional 30-day period of time from the date Defendants Carr and Rodriguez were due to be served (October 8, 2008), to accomplish service of process. Plaintiff must effect service of process on Defendants Carr, Rodriguez, and El Rinconcito Bar by November 7, 2008, and file proof of service by November 10,

2008, or the Court may order the dismissal without prejudice of this action, or of any unserved defendant, without further notice.

IT IS SO ORDERED this 27th day of October, 2008.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE